UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-08567-PSG (KES) | Date | Nov. 30, 2016 |
|---|---|---|---|

**Title**  Michael Andrews v. Warden W.L. Muniz

**Present: The Honorable**  Karen E. Scott, United States Magistrate Judge

| Jazmin Dorado | n/a |
|---|---|
| **Deputy Clerk** | **Court Reporter / Recorder** |
| **Attorneys Present for Plaintiffs:** | **Attorneys Present for Defendants:** |
| n/a | n/a |

**Proceedings:**   (In Chambers) Order to Show Cause why Petition Should Not Be Dismissed as Mixed

On October 30, 2016, Michael Andrews ("Petitioner") constructively filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) Petitioner challenges his state court convictions for first degree murder, premeditated attempted murder, and being a felon in possession of a firearm. People v. Andrews, 2015 Cal. App. Unpub. LEXIS 3795, at *1 (Cal. Ct. App. May 28, 2015). The jury found that the crimes were committed for the benefit of a criminal street gang, and that a principal personally used and discharged a firearm in the commission of the murder and attempted murder. Id. at *1-2. Petitioner was sentenced to an aggregate term of 50 years to life in state prison. Id. at *2.

The instant Petition raises six grounds for relief. First, that Petitioner was denied due process and a fair trial when the trial court admitted YouTube videos authenticated only by a gang expert, including a video depicting Petitioner bragged about committing murder as a juvenile. (Dkt. 1 at p. 5 ¶ 7(a).) Second, that Petitioner was denied due process and a fair trial when the trial court admitted evidence of past misconduct, i.e., "that Petitioner had previously served a juvenile sentence for murder when he was a menace to society although the prosecution knew and had documented proof that the previous crimes never occurred." (Id. at p. 5 ¶ 7(b).) Third, that Petitioner received ineffective assistance of counsel ("IAC") because his trial counsel failed to object to evidence that Petitioner had committed murder in the past, including the YouTube video and a tattoo of Petitioner's. (Id. at p. 6 ¶ 7(c).) Fourth, that Petitioner was denied a fair trial because of prosecutorial misconduct during closing argument, when the prosecutor "created a photograph of the suspect and placed it on a slide next to Petitioner's booking photo and falsely alleged that they were the same person …[even though] the created photo of the suspect was not admitted as evidence during the trial." (Id. at p. 6 ¶ 7(d).) Fifth, that unspecified, newly discovered evidence, which should have been turned over under Brady v. Maryland, 373 U.S. 83 (1963), "could have produced a different verdict[.]" (Id. at p. 6 ¶ 7(e)). Sixth, that "the 50 years sentence …was illegal[.]" (Id. at p. 7 ¶ 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | CV16-08567-PSG (KES) | **Date** | Nov. 30, 2016 |
| **Title** | Michael Andrews v. Warden W.L. Muniz | | |

Grounds 1, 2, 3, and 4 appear to have been exhausted in state court via the petition for review filed in the California Supreme Court, which is attached as an exhibit to the Petition. (Dkt. 1 at pp. 20-53.) However, Grounds 5 and 6 appear to be unexhausted. They were not raised in the petition for review in the California Supreme Court, and Petitioner states that he did not file any habeas petitions in state court. (Id. at p. 3 ¶ 6.) The Petition appears to admit that Ground 6 is unexhausted but does not explain why. (Id. at p. 7 ¶ 9.)

All claims in a federal habeas petition must be exhausted before a federal court may grant the petition; if all or some of the claims have not been exhausted, then the petition is subject to dismissal. Rose v. Lundy, 455 U.S. 509, 522 (1982). Exhaustion requires that petitioner's claims be fairly presented to the highest court in a state system even if that court's review is discretionary and even where the claims depend on federal law. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (holding due process claim not exhausted where state petition asserted only erroneous evidentiary ruling). Typically, exhaustion is accomplished by raising a claim either on direct appeal or by filing a petition for writ of habeas corpus in state court. In California, a federal claim is "fairly presented" for purposes of exhaustion "if the petitioner has described the operative facts and legal theory upon which his claim is based" in a filing presented to the California Supreme Court. Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986).

On or before **December 28, 2016**, Petitioner is ordered to show cause why the Petition should not be dismissed as mixed. In response to this Order to Show Cause, Petitioner should do **one** of the following:

(1) Indicate that Petitioner would like to proceed only with the exhausted claims (Grounds 1, 2, 3, 4);

(2) Explain when/how Petitioner believes the two additional claims (Grounds 5 and 6) were exhausted in state court; or

(3) File a motion to stay this action, to permit him to return to state court to exhaust Grounds 5 and 6. A stay may be available under Rhines v. Weber, 544 U.S. 269 (2005) if Petitioner can show "good cause" for his failure to exhaust his claims earlier, or under Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003).

Initials of Clerk    jd